Thank you. Good afternoon, your honors, and may it please the court. My name is Tess Halgren and I represent the petitioner Mr. Alejandro Ortiz-Alfaro. I would like to please reserve three minutes of my time for rebuttal today. All right. And just noting, I'm not sure the clock has started. Thank you. They start when you start your argument. Your honors, thank you. The question before the court today is a narrow one. In the case of the petitioner, did the in denying his motion to reopen under the court's sua sponte authority? Because the immigration judge committed legal error that wrongly constrained her use of discretion, the answer to that question is yes. Now, as explained in our briefing, the immigration judge's decision was premised on multiple legal errors, but today I would like to focus on two in particular. And the court can know that these are legal errors because we look to the decisions in Bonilla, in Lona, and we would argue also the Supreme Court's recent decision in Regents. And we see that when the court looks at the face of the agency's decision here, it is apparent that the immigration judge misunderstood the scope of her sua sponte discretion. So first, the immigration judge applied the wrong legal standard to define the scope of her sua sponte authority to reopen a case. It is undisputed that the regulations establish virtually unfettered discretion for an immigration judge to use her sua sponte authority to reopen. And to the extent that any standard applies, it is the one established by the Board of Immigration Appeals, the exceptional situation standard. But rather than applying this standard to guide her discretion, the immigration judge relied on a misinterpretation of matter of to bind her discretion to a heightened standard. Counsel, I need you to explain that to me because I'm reading Beckford and it says the respondent at a minimum needed to demonstrate a substantial likelihood that the result in this case would be changed if reopening is granted. The respondent has made no such showing. His motion must therefore be denied as untimely and the IJ at I guess the administrative record at five quoted Beckford, an applicant must demonstrate a substantial likelihood that the result in this case would be changed if reopening is granted. It seems to me that the IJ quoted exactly the relevant portion from Beckford. So how could the IJ be misinterpreting the BIA precedent when the IJ is accurately quoting from it? So your honor, petitioner would agree that if if the immigration judge were nearly considering likelihood of success or a change outcome in the case as a discretionary factor, as was the case in Beckford, that's certainly within the immigration judge's discretionary scope. The problem here is that it was not a factor in the immigration judge's discretion, but it was actually a heightened legal standard that she bound herself to. And so in Beckford, the section that your honor quotes, the court had clearly set out at the outset that the issue before, or excuse me, the board had set out at the outset, the issue before the board was whether the applicant demonstrated an exceptional situation, an exceptional situation warranting reopening. And in applying that exceptional situation standard, the board said that in this particular case, a substantial likelihood of a change result in the case was was perhaps the case discretionary factor that was applied. But the board also noted that on page 1218, the current posture of this case is critical to the decision. And the court, the board also noted on page 1219 that the respondent in that case had not attempted to claim much less established that he was not in fact removable. And so this was obviously a powerful discretionary factor that the board considered, but it was not a standard it bound itself to. And we also know that because later in Beckford, the board went on to consider though it did not find it compelling, whether there was a miscarriage of justice in this case as another discretionary factor. And so substantial likelihood is not a standard that is binding on the use of sui sponte authority. It certainly is a factor that can be considered. But when we look at the face of the immigration judge's decision here, which is all we have, Lona tells us it must be legal error must be apparent on the face of the paragraph that sets out the immigration judge's sui sponte authority explicitly says that the applicant quote, must demonstrate a substantial likelihood of a change result in the case. And later at the conclusion of the case, the immigration judge again returns to the standard concluding that because Mr. Ortiz Alfaro did not meet the standard, quote, consequently reopening was not warranted. And so this determinative language matters. As the Supreme Court tells us in Regents, the government must turn square corners in dealing with the people and an agency must defend its actions based on the reasons it gave when it acted. And in using this language, the judge effectively constrained her discretion by erroneously applying a heightened legal standard to her ability to use her sui sponte discretion. You know, when I look at the last sentence of the order, the court therefore does not find respondent demonstrated a substantial likelihood that the outcome of a reopened reasonable fear hearing would be different from the result reached by the prior IJ in 2014. I mean, I just don't see your argument that the IJ has constrained herself by an improper legal standard. I see the IJ as saying that your client needs to show that the outcome of the reasonable fear hearing would have been different. So respectfully, Your Honor, I think that that sentence needs to be read in combination with the following sentence, which has that determinative language that consequently sui sponte reopening is not warranted. And when read in conjunction with the way in which the immigration judge framed the relevant authority for her use of discretion in that opening paragraph on page five of the administrative record, it's apparent from, again, the language that she used, this must, this consequently, that the substantial likelihood was a standard that she was applying to constrain her discretion rather than just one of a number of discretionary factors she was considering. So is it your view that Beckford was wrong to make substantial likelihood of a outcome a requirement, or is it your view that the IJ here was wrong to read Beckford as establishing such a requirement, and in fact did not? The latter, Your Honor. And we know this not only because of the way in which it was applied in the case-specific analysis in Beckford, which I've discussed, but also because we look to this court's own precedent. And I will note that it is undisputed, first of all, by the parties that exceptional situation is the standard. But also, if we look at this court's long line of precedent in Akimian, in Bonilla, which cites, excuse me, I recognize that I am down to three minutes. Do you mind if I conclude my response? No, that you're managing your time is up to you, counsel. You can save as much or as little time for rebuttal as you want. Thank you, Your Honor. So Bonilla actually cites in note 7, 15 cases in which the Ninth Circuit has affirmed the rationale in Akimian. And the rationale in Akimian and Bonilla, most recently affirmed, of course, in Lona, is that there is no judicially manageable standard for assessing the use of sua sponte discretion because the only standard that applies is the exceptional situation standard. And Akimian notes that there is no statutory, regulatory, or case law guidance on what exceptional situation means. And just to note, all of these cases were decided well after a matter of fact. And if substantial likelihood of a change result in the case were the standard that was binding on sua sponte authority, one could imagine that this entire line of jurisprudence from this court might be very different because substantial likelihood is a much more judicially manageable standard than exceptional situation, which this court has stressed time and again, gives virtually unfettered discretion to an immigration judge. Would you like to reserve? Yes, I would like to reserve the remainder of my time for rebuttal. All right, so we'll give you two minutes on rebuttal. And counsel for the Attorney General. I may please the court, Brendan Hogan for the Attorney General. In the present case, the review petition should be dismissed because there is no legal error or constitutional claim that's colorable in this case. With regards to counsel's claim that the immigration judge applied too strict a standard or did not properly apply the exceptional circumstances standard. Within the four corners of the IJ's decision, the IJ cited the appropriate regulations. And the regulation in turn says that even when a petitioner establishes his prima facie eligibility for release, the immigration court still has discretion to deny the motion. The immigration judge sort of cited appropriate agency decisions. And the petitioner really doesn't cite to any direct authority that says that the immigration judge can't look and see if it would be meaningful or purposeful to reopen proceedings in this case. And I think it'd be helpful if we just go over the was a threshold finding that the petitioner had failed to satisfy the minimum evidentiary standard necessary to warrant a full adversarial hearing regarding his withholding of removal claim. And the immigration judge reasonably concluded within her discretion that the documentary evidence in this case did not show a reasonable fear of harm or torture for any reason, let alone that the petitioner would be harmed on account of his alleged imputed nationality or the other grounds that were asserted. And again, the petitioner in the motion didn't even cite how the evidence showed that there was a reasonable fear of torture. And so let me clarify something with you. On the particular issue of whether or not the correct legal standard was applied, or if the IJ used an absolutely incorrect legal standard, you're not arguing, are you, that we don't have jurisdiction to decide that question, even though this is in the context of Swiss Bonti reopening? If we view this as purely a legal issue, you agree that we have jurisdiction to reach that question? Yes, Your Honor, the panel absolutely has jurisdiction. So we would not need to dismiss that, even if we agreed with you, we would deny on that basis, even if there are other bases that have been raised where we don't have jurisdiction. Correct, Your Honor, you would just deny because the legal claim asserted is not callable. Thank you. And then with regards, does the panel have any other questions about the standard in this case? I do have a question that might naturally follow the discussion you just had with Judge Bennett. And given that you're not questioning our jurisdiction, I wonder, does an alien invoking an immigration judge's authority to reopen always need to prove at a minimum of substantial likelihood of success on the merits? Well, in this case, Your Honor, again, it's looking at has the alien provided any evidence that would have altered the former result in the proceeding? I mean, the immigration judge had to somehow look at whether it was worthwhile for the immigration court to hold a whole new negative or excuse me, reasonable fear hearing. And so basically, if you look within the, I'm sorry, go ahead. I wasn't going to disagree with what you just said, but I'm still waiting for the answer to my question if you have one. Does an alien always need to prove at a minimum that they're entitled to a substantial likelihood of success? Well, what the alien has to show, Your Honor, is exceptional circumstances. And within that framework or within that context, the immigration judge was just pointing out that if the alien has not provided evidence that they would succeed, the basic threshold minimum of showing a reasonable fear of torture or persecution, there's no point to reopening. There are no exceptional circumstances here. Counselor, I take it that you might, if we were looking at a different circumstance here where the allegations were, for example, that the alien were claiming that their counsel were grossly ineffective, then that might have a different approach, but there's no allegation of that. There's not, Your Honor. And again, just to point out with regards to the evidence that was provided with the evidence that the immigration judge was saying did not establish exceptional circumstances. The petitioner submitted financial and medical documents which weren't relevant to a withholding claim at pages 191 to 318. Prior agency decisions and the prior transcripts at pages 76 to 86, 132 to 190. An expert declaration which was already reviewed and projected as not sufficient to establish a reasonable fear during prior reasonable fear proceedings at page 107 to 130. A Department of State travel advisory at pages 92 to 105. Documents that were available well before in the prior reasonable fear hearing 320 to 558. And then just general country conditions about crime in Mexico, which really aren't particular or specific to the petitioner's case. And it's within that context or within that framework that the immigration judge was pointing out. There's no exceptional circumstances here because if you couldn't meet the threshold before, you're not providing evidence now that would warrant reopening. And the immigration, if you look at the preceding paragraph, Your Honor, the immigration judge clearly understood that this was discretionary. It's unfettered discretion. They cited the regulation. They cited agency decisions. But based on the evidence presented in this case, there was no, it's not worthwhile for the court to reopen is what the immigration judge is trying to say. But there was no, the immigration judge was not saying that it's a mandatory bar. It's just saying that within the context of this specific case and this specific evidence, it wasn't worthwhile to reopen. Mr. Hogan, can we go to the next paragraph of the immigration judge's decision wherein she transitions to whether or not the case should be reopened in light of M. E. V. G. And my thank you. My reading of your brief is that you argue that we're bound by law of the case. And I just wanted to have a discussion so I could better understand your position because my understanding is that the discretionary doctrine, we could choose to apply or not. Go ahead. Maybe I'm giving you enough. But basically what the immigration judge was trying to explain was that within M. E. V. G. was not a change in law. It was merely refining the social distinction requirement. And that's been addressed in this court's decision and race. And again, I mean, even if it is a change in law, as this court recently pointed out and wanna, I mean, there's nothing that mandates the agency for reopening based on a change in law, even though it wasn't in this case. And most of the petitioner's arguments based on that are M. E. V. G. were raised in their, as we say in our brief, in their prior petition, and the court declined to address them. And they're just basically re-raising them now, but that's not a remedy to the 30 day filing bar for a petition for review. I mean, they've already had review on that point. And just so that I understand the government's position, you're not arguing that we're precluded from considering petitioners arguments concerning retroactivity of M. E. V. G. It's discretionary. We can make our decision on that, right? Well, the court's precluded in that this was a claim that was already raised and decided, and also they're directly challenging the prior immigration judge's decision. So in that regard, it is jurisdictionally barred because of the 30 day filing requirement. So in that matter, yes, your honor, it is jurisdictionally barred, but not because of the bar to reviewing determinations that's barred by 1252. V. 1. Thank you. I understand you. And does the panel have any additional questions? I believe I only have about a minute left. I have no further questions. Thank you. Neither do I. Thank you. All right. You have two minutes, Ms. Sahlgren. Thank you, your honors. I'd like to quickly just address maybe three points. So first, to go to Judge Pearson's question about whether a non-citizen always needs to show substantial likelihood as the standard. Just to reiterate again, as the government just admitted the response that is no, the standard is exceptional situation. And looking as the government acknowledges at the four corners of the immigration judge's decision here, this was not merely a factor. Yes, the immigration judge cited to the regulation, cited exceptional situation, but she went further in citing to matter of Beckford standard as something that an applicant quote, must demonstrate, not in the context of specific analysis of the facts of this case, but as a standard at the outset that bound her discretion. And that is legal error to bind herself to that heightened standard. And I'd also like to just clarify that this petitioner is not challenging the underlying decision of the immigration judge in 2014. Again, the issue before this court is whether the immigration judge's denial of the motion to reopen was premised on legal error and because it was the court must vacate and remand. I'd also like to briefly address the issue of matter of MEDG. And this was the second area of legal error that I was unable to have time to reach in the beginning of my argument. But the problem here is that the mischaracterized MEDG in a way that was legal error, which was by saying that this was a reiteration of existing BIA and circuit precedent that had existed far beyond MEDG. And that is incorrect. MEDG itself recognized that it was speaking to ambiguity that the federal courts had raised around the particular social group protected ground and said that quote, guidance provided by our decision may have an impact on the validity of the respondents proposed group. And so it actually did change the standards, especially around the particularity and the social distinction, the renamed social disability prong of the particular social group analysis. This was applied to Mr. Ortiz Alfaro's case. He never had a chance to respond to it. And that was a major basis of the motion to reopen. And because the immigration judge mischaracterized MEDG as not a change in the law, when it actually did change the particular social group standard, it actually did create a new evidentiary standard. This was also legal error that was a premise of her decision. All right. Thank you, counsel. Thank you, counsel, for their helpful arguments. And this case will be submitted. The next case on the calendar is United States versus Milton. And we have Mr. McCarthy and Mr. Arvanites. I apologize if I mispronounced your name. Are counsel ready to proceed?
judges: Pearson, Bennett, Miller